**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re: PACIFIC THOMAS CORPORATION, <br><br> Debtor, <br>_____<br><br> RANDALL C.M. WHITNEY, <br><br> Appellant, <br><br> v. <br><br> KYLE EVERETT, Chapter 11 Trustee, <br><br> Appellee. | No. 21-16923 <br><br> D.C. No. 3:19-cv-03385-MMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted October 12, 2023[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Randall Whitney appeals pro se from two orders entered by the bankruptcy

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court and affirmed by the district court.  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

**I**

Whitney argues that the bankruptcy court was required to grant his motion for disqualification.  First, Whitney argues that the cumulative effect of several adverse rulings demonstrated a "pervasive bias" against him.  Rarely are judicial decisions, on their own, sufficient to establish bias or partiality.  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Appeal, not disqualification, is the proper avenue.  *Id.*  Whitney's list of adverse decisions does not demonstrate a "deep-seated . . . antagonism that would make fair judgment impossible."  *Id.*

Second, the bankruptcy court was not required to grant Whitney's motion to disqualify for attending a legal conference.  Federal judges are permitted to engage in "law-related pursuits" and to "lecture . . . on both law-related and nonlegal subjects."  Code of Conduct for U.S. Judges, Canon 4.  Whitney argues that a judge's presence at a legal conference with another party or that party's counsel creates an impermissible opportunity for ex parte communication.  Whitney does not suggest that any ex parte communication occurred in this case, however.  Under the circumstances, the bankruptcy court's impartiality could not reasonably be questioned.  *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019).

The bankruptcy court did not abuse its discretion in denying Whitney's

2

motion for disqualification.

## II

Defendants must have standing to present arguments to a federal court. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). Standing must be analyzed for each claim and remedy sought. *Davis v. FEC*, 554 U.S. 724, 734 (2008). Whitney's standing to defend against an injunction against himself is not sufficient to permit standing to defend against a turnover award against Pacific Thomas Trading Ventures ("PTV"). The only issue before the bankruptcy court when Whitney filed his motion in limine was the amount of the turnover from PTV to Pacific Thomas Corporation ("PTC"). Whitney's interest in defending against an injunction is not relevant to that determination. Whitney did not have standing to move to exclude evidence regarding PTV's liability. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 474 (1982) (parties must assert their own interests, not the interests of others).

**AFFIRMED**. All pending motions are **DENIED**.